JOHNSON, C.J.,
concurs and assigns reasons.
IH concur in the result reached by the majority. I write separately to clearly outline the events leading up to the reduction of Dr. Slaughter’s benefits and re-coupment of overpayments, as well as the steps,taken by LASERS in adjusting those payments, and to emphasize there is no longer a dispute over whether LASERS overpaid benefits to Dr. Slaughter due to an error made by Southern University in *285 calculating his income base, as that issue is now res judicata.
In 2009, a district court ruled that Southern University miscalculated' Dr. Slaughter’s income base by including supplemental pay he received from the Southern University Foundation. Based on this ruling, Southern University counsel sent a letter, dated January 22, 2010, to notify LASERS that the University incorrectly reported the earnings upon which Dr. Slaughter’s benefit payments were calculated. On April 20, 2010, LASERS filed a concursus proceeding in the district court seeking to deposit the disputed funds into the registry of the court until the matter was resolved. The district court dismissed the concursus proceeding on June 17, 2010. LASERS did not appeal this ruling, which then became final.
On August 2, 2011, the First Circuit affirmed the wage claim dispute. This court denied writ on January 13, 2012. Slaughter v. Bd. of Supervisors of Southern Univ. & Agr. and Meek Coll., 2010-1049 (La.App. 1 Cir. 8/2/11), 76 So.3d 438, writ denied, 11-2110 (La.1/13/12), 77 So.3d 970. As of January 13, 2012, there was no longer any pending litigation in this matter. The courts determined, that Dr. Slaughter’s income base was miscalculated, therefore rendering LASERS’ benefit payments inaccurate.
On April 27, 2012, LASERS sent a letter to Dr. Slaughter notifying him that it would begin reducing his benefits and would further reduce his payments to recoup all monies that were paid to him, in error, since his retirement in 2009, to be effective June 1, 2012. Dr. Slaughter filed the instant suit on June 30, 2012. Therefore, LASERS reduced Dr. Slaughter’s benefits only once all wage disputes were resolved. It is clear that LASERS did not reduce Dr. Slaughter’s benefits upon receipt of a letter from the Southern University System claiming an error in calculation, but properly reduced Dr: Slaughter’s benefits once the courts definitively ruled that his wages were improperly calculated. Thus, pursuant to La. R.S. 11:192, LASERS was authorized to adjust Dr. Slaughter’s benefits and recoup all overpaid funds.